```
         IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT PARKERSBURG
```

**MATTHEW LEE DULANEY,**

    **Movant,**

**v.**

                                          **Case No. 6:08-cv-00859**
                                          **Case No. 6:09-cv-00372**
                                        **(Criminal No. 6:01-cr-00098-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

Before the court are Petitioner Matthew Lee Dulaney's (Dulaney) two Motions to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255 (Doc. # 208 in 6:08-cv-00859 and Doc. # 289 in 6:09-cv-372). For the reasons enumerated below, Mr. Dulaney's motions are **DENIED**.

## I. Factual and Procedural History

Defendant was convicted of one count of bank robbery by force or violence following a jury trial in 2001. On December 3, 2001, Mr. Dulaney was sentenced to 135 months of imprisonment, to be served consecutively to state sentences for aggravated robbery and breaking and entering (imposed in 2000). Mr. Dulaney appealed, and the United States Court of Appeals for the Fourth Circuit upheld Mr. Dulaney's conviction on October 15, 2002. Following the Fourth Circuit's decision, Mr. Dulaney appealed to

1

the United States Supreme Court for a writ of certiorari, which request the Supreme Court denied on March 24, 2003.  Mr. Dulaney filed his first federal habeas corpus petition (Doc. # 208 in 6:08-cv-00859) on June 20, 2008, and his second petition (Doc. # 289 in 6:09-cv-372) on April 15, 2009.  The United States filed a motion to dismiss Mr. Dulaney's petition as untimely on July 1, 2008.

By Standing Order, these actions were referred to United States Magistrate Judge Mary E. Stanley for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Stanley submitted to the court her Proposed Findings and Recommendation ("PF&R") on September 23, 2009, in which she recommended that the district court grant the United States' motion to dismiss.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Stanley's Proposed Findings and Recommendation.  Mr. Dulaney filed objections to Magistrate Judge Stanley's PF&R on October 9, 2009.  The court now considers each of Mr. Dulaney's objections in turn.

<u>Objection I</u>

Mr. Dulaney's first objection is that the United States failed to timely raise the affirmative defense that his 2255 petition was time-barred under AEDPA's one-year statute of

limitations. As such, Mr. Dulaney argues that the United States effectively waived the untimeliness defense. Mr. Dulaney's argument is based on the United States' response to his second federal habeas corpus petition (Doc. # 289 in 6:09-cv-372), in which the United States does not appear to have filed a motion to dismiss the petition as untimely filed.

Mr. Dulaney's objection is duplicitous. A review of the record in 6:08-cv-00859 immediately shows that on July 1, 2008, approximately ten days after Mr. Dulaney filed his first federal habeas corpus petition, the United States filed its motion to dismiss petition as untimely (Doc. # 217). In its motion, the United States clearly articulates its argument that under AEDPA's one-year statute of limitations Mr. Dulaney's petition is time-barred. The fact that the United States did not raise this issue in Mr. Dulaney's second habeas corpus case, which was cross-referenced with the first is of no consequence. Both of Mr. Dulaney's identical motions are motions for relief under 28 U.S.C. § 2255, based on the same facts and arguments, and as such, both are subject to AEDPA's time limitations.[1] The United

---

[1] Mr. Dulaney's reason for filing a second federal habeas corpus petition appears to be his impatience with waiting for the court to recharacterize his initial petition, Doc. # 208 in 6:08-cv-00859, from a petition for coram nobis to a petition for relief under 28 U.S.C. § 2255. Mr. Dulaney filed a motion for recharacterization on October 23, 2008, which request this court granted on July 28, 2009. Prior to this court's Order, however, Mr. Dulaney had already filed a new 28 U.S.C. § 2255 petition.

States' failure to raise the statute of limitations defense to the second petition cannot be considered a waiver in light of its prompt and detailed assertion of the AEDPA time bar against Mr. Dulaney's first, and identical petition. Accordingly, the court finds that the United States timely raised the AEDPA statute of limitations issue and did not waive it, as Mr. Dulaney asserts.

Objection II

Mr. Dulaney next asserts that the AEDPA statute of limitations should not apply to him because he was misled by habeas corpus information forms he received in prison, which suggested to him that he could only file for federal habeas relief once he had begun serving his federal sentence. Although he no longer has the relevant form, Mr. Dulaney asserts that the form stated something to the effect of "To use this form you must be serving a federal sentence imposed against you by a Federal Court." Objections (Doc. # 311), p.2. Mr. Dulaney states that since he was serving his state sentence first, he did not think that he was eligible to file a federal habeas corpus petition at the time AEDPA's statute of limitations expired. Mr. Dulaney implies that had the forms not misled him, he would not have waited until he began to serve his federal sentence, in federal penitentiary, to file his petition.

Numerous courts have concluded that a prisoner serving consecutive state and federal sentences meets the "in custody"

4

requirement when the prisoner is serving either the state or the federal sentence. Huffman v. United States, No. 2:10-cv-50, 2010 U.S. Dist. LEXIS 135923, at *4-6 (N.D.W. Va. Dec. 23, 2010) ("common law holds that a prisoner serving consecutive sentences under state and federal jurisdiction is in custody under a sentence of a court established by Act of Congress, after being sentenced in a federal court, regardless of which sentence he is serving [...] The Fourth Circuit has also extended this holding, in dicta, to apply to 28 U.S.C. § 2255 cases."); United States v. Hillary, 106 F.3d 1170, 1172 (4th Cir. 1997) ("How, then, can he challenge his § 924(c) "sentence" before he begins to serve it? He can do so only because the Supreme Court has held that, for jurisdictional purposes, consecutive sentences must be viewed in the aggregate."); Simmons v. United States, 437 F.2d 156, 158 (5th Cir. 1971) ("We conclude, therefore, that a prisoner serving consecutive sentences is "in custody" under any one of them for the purposes of section 2255."). Under the law, therefore, Mr. Dulaney was "in custody" for purposes of challenging his federal sentence even while he was incarcerated in state prison.

Further, because confusion of law does not justify equitable tolling, Mr. Dulaney's mistake regarding his eligibility to file for federal habeas corpus relief will not save his petition from AEDPA's statute of limitations. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) (confusion of law does

not warrant equitable tolling); <u>Wainwright v. Sec'y, Dep't of Corr.</u>, 537 F.3d 1282, 1286 (11th Cir. 2007) (no equitable tolling on the basis of legal confusion).

The fact that Mr. Dulaney misunderstood what the forms meant does not entitle him to equitable tolling, a remedy which applies only where (1) a prisoner can demonstrate that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way to prevent timely filing. <u>Holland v. Florida</u>, 130 S. Ct. 2549, 2563 (2010). Under the <u>Holland</u> standard, even if Mr. Dulaney might be able to show that he was pursuing his rights diligently, he has failed to point the court's attention to any extraordinary circumstances which completely foreclosed his filing.

<u>Objection III</u>

Mr. Dulaney's third objection is that his petition is not time-barred because some of the evidence he relies on in the petition only became available within one year of the petition's filing.

Mr. Dulaney's argument is unavailing because he fails to make the necessary showing under the law. Pursuant to AEDPA's statute of limitations, a petitioner may bring a claim within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Mr. Dulaney is presumably

6

referring to this provision of AEDPA as the basis for his objection. Mr. Dulaney's objection that his petition is timely on this ground fails because Mr. Dulaney does not identify what facts he came to acquire within one year of the filing of his petition, or which of his **four hundred and ninety one claims** the alleged recently discovered evidence affects.[2] In the absence of such information, the court has absolutely no way to determine when those facts could have been discovered through the exercise of due diligence, and whether Mr. Dulaney's claims are therefore still timely under AEDPA. Such general and conclusory allegations need not, and cannot, be credited. "[T]his Court need not conduct a de novo review when a party 'makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations.'" Ashworth v. Berkebile, No. 5:09-cv-01106, 2010 U.S. Dist. LEXIS 138413, at *6-7 (S.D.W. Va. Dec. 27, 2010) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

Objection IV

Mr. Dulaney next asserts that he is actually innocent of the crime he was convicted of, and appears to suggest that his actual

---

[2] The only "example" he offers is the F.B.I.'s admission that at one point composite sketches of the bank robber existed, but those sketches could not be found in their expected location upon inspection. This, however, is not an example of evidence. At best, it suggests that a piece of evidence may have existed at one point in time.

7

innocence should operate as a bar to AEDPA's statute of limitations requirement.

While some Circuits have held that actual innocence can operate as a bar to AEDPA's one year filing limit, neither the Fourth Circuit nor the United States Supreme Court has made this determination. Blakney v. United States, No. 4:11-cv-70024 2011 U.S. Dist. LEXIS 30963, at *15-16 (D.S.C. Mar. 24, 2011). Even assuming, for the sake of argument, that such a showing would toll the statute of limitations, Mr. Dulaney has failed to demonstrate under the applicable standard that he is actually innocent.

To determine whether a petitioner has satisfied the requirements for establishing a cognizable claim of actual innocence to warrant equitable tolling, the court applies "the same actual innocence standard developed in Schlup v. Delo, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), for reviewing a federal habeas applicant's procedurally defaulted claim." Greene v. Lafler, 2:09-cv-14597, 2011 U.S. Dist. LEXIS 26160, at *11-12 (E.D. Mich. Mar. 15, 2011). As one court has explained,

> A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence - that was not presented at trial." Schlup, 513 U.S. at 324, 115 S. Ct. at 865. "The Schlup standard is demanding and permits review only in the 'extraordinary' case." House v. Bell,

8

> 547 U.S. 518, 538, 126 S. Ct. 2064, 2077, 165 L. Ed. 2d 1 (2006) (citation omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." Id. (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" Id. (quoting Schlup, 513 U.S. at 329). This standard does not require absolute certainty about the petitioner's guilt or innocence: A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt — or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt. House, 547 U.S. at 538, 126 S. Ct. at 2077.

Id.

As evidence of his actual innocence, Mr. Dulaney proffers that two eyewitnesses whose testimonies were not presented at trial identified the bank robber as being a clean-cut man, unlike Mr. Dulaney, who had "scruffy, shaggy-looking hair" at the time. Objections, p. 3. Mr. Dulaney also argues that he knows of other witnesses who identified the perpetrator as being shorter than Mr. Dulaney, but whose testimonies were once again not presented at trial. Mr. Dulaney believes that had the jury heard these eyewitnesses' testimonies, they would have not convicted him of the bank robbery.

In view of the rigorous showing necessary under Schlup to

establish actual innocence, the court finds that Mr. Dulaney has fallen short of the required standard.  Mr. Dulaney's proffer of two eyewitnesses who describe the perpetrator's hair as looking different from his do not establish that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt.  Credible evidence was presented at trial linking Mr. Dulaney to the bank robbery, including the testimony of Mr. Dulaney's co-conspirator, James Mace, who testified that he and Mr. Dulaney stole the car used in the robbery.  Mr. Mace also testified that he and Mr. Dulaney split the money they stole from the bank.  In addition, a latent fingerprint from the stolen car matched Mr. Dulaney's fingerprint.  Viewed in light of all the evidence, Mr. Dulaney's proffer falls short of establishing that the outcome of his trial would have been any different.  This is not the extraordinary type of case envisioned by <u>Schlup</u>, and as such, the court finds Mr. Dulaney's argument for equitable tolling based on his actual innocence unpersuasive.

<u>Objection 5</u>

    Mr. Dulaney next asserts that he is entitled to equitable tolling based on his attorney's errors and misinformation during the appeal of Mr. Dulaney's case before the Fourth Circuit and the United States Supreme Court.  Mr. Dulaney's specific grievances are: (a) that his counsel informed him that there were

no time limits associated with filing a federal habeas petition; (b) that counsel did not inform Mr. Dulaney of the Fourth Circuit's denial of his direct appeal, even though he promised to do so; (c) that counsel did not inform Mr. Dulaney that he filed a petition for rehearing before the Fourth Circuit, and that the petition was subsequently denied; and (d) that counsel had filed a petition for writ of certiorari in the United States Supreme Court and that the petition was denied.

In Holland v. Florida, the United States Supreme Court held that a petitioner is "entitled to equitable tolling only if he shows (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). The Supreme Court explained that a court considering whether to grant equitable tolling must be "flexible," avoid "mechanical rules," and make its determination on a case-by-case basis. Id. at 2563. Additionally, the Court noted that whereas serious instances of attorney misconduct may justify equitable tolling, "a garden variety claim of excusable neglect" does not. Id. at 2564.

Mr. Dulaney's claims of attorney error here do not rise to the level of justifying equitable tolling. As an initial matter, the court is unpersuaded that Mr. Dulaney was pursuing his rights diligently. As Mr. Dulaney himself admits, he mistakenly thought

11

that he had to be in federal prison before he could file a federal habeas corpus petition. See supra, pp. 4-6. As Mr. Dulaney only entered federal custody on August 21, 2008, it is hard to see how he could have been pursuing his rights diligently at the time that the deadline for his habeas petition filing actually expired, approximately four years earlier.

Further, even if Mr. Dulaney had been pursuing his rights diligently, nothing his attorney did actually prevented, or stood in the way of Mr. Dulaney filing a federal habeas petition. At worst, Mr. Dulaney's attorney misinformed him of when AEDPA's statute of limitations would expire as to his case. However, in view of his belief that he needed to be in federal prison before filing a federal habeas petition, even this alleged deficiency in his attorney's performance cannot be said to have prejudice Mr. Dulaney to an extent warranting relief under Holland.
The other alleged errors on the part of his attorney did not cut short Mr. Dulaney's time to file, or limit Mr. Dulaney's ability to petition the court for relief. If anything, his attorney's numerous post-sentencing filings only served to extend the time under AEDPA which Mr. Dulaney had to file a habeas petition.

As Mr. Dulaney's claim only shows that his attorney was at most neglectful in communicating with him, and informing him about deadlines, the court concludes that Mr. Dulaney is not entitled to equitable tolling under Holland.

Having reviewed the petitioner's objections, the court **CONFIRMS** and **ADOPTS** the Magistrate Judge's PF&R, and **DISMISSES** Mr. Dulaney's two petitions.

### III. Conclusion

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, and the Petitioner, pro se. The Clerk is further directed to remove these cases from the court's active docket.

It is **SO ORDERED** this 23rd day of September, 2011.

                      **ENTER:**

                      *David A. Faber*

                      David A. Faber
                      Senior United States District Judge